## BURCH v. STATE.

Ohio Appeals, 4th Disat., Athens Co.

Decided Feb. 24, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

480. EVIDENCE — 661. Intoxicating Liquor — 1071. Search and Seizure.

In prosecution for unlawful possession, declarations of defendant's wife, made in home, to officer at time of search, and not in presence of husband, inadmissible as evidence.

Error to Common Pleas.
Judgment reversed.

Emmett Keenan, Athens, for Burch.
R. D. Williams, Pros. Atty., Athens, for State.

FULL TEXT.

MIDDLETON, PJ.

Plaintiff in error was convicted in the Court of Common Pleas of the unlawful possession of intoxicating liquors. In the trial of his case an arresting officer was permitted to testify, over the objection of the defendant, as follows:

"A. Mrs. Burch came to the door and I asked her where her husband was, and she said 'working,' and I said 'I have a search warrant.' I said 'Have you any booze,' and she said 'I have got some beer —home brew.' I said 'What do you do with it,' and she says 'I sell it.' I said 'What do you get for it,' and she said 'Twenty-five cents a bottle.'

"Q. What else, if anything, did she say in that connection?

"A. She said she had to sell this beer in order to get school shoes for the children—books. I don't know whether she said shoes or books for the children to go to school."

Testimony of a like character was given by other officers connected with the search of the plaintiff in error's residence. Mrs. Burch was the wife of the plaintiff in error and the foregoing statements were not made in his presence. This evidence was not competent. It was not only hearsay but it tended to establish the fact that the residence of the plaintiff in error was not a bona fide residence, and the wife therefore was incompetent to testify against her husband on any fact tending to convict him. For the admission of this testimony the judgment must be reversed.

The remaining contentions of the plaintiff in error are overruled. Independent of the wife's statements as aforesaid there is evidence in the record tending to show that the premises of the plaintiff in error were being used for the unlawful manufacture of intoxicating liquor; in other words, that said premises were being used for the manufacture of intoxicating liquors intended for use in violation of law. Ciano v. State, 105 O. S. 229, 236. It is not for this court to determine whether a trial court would find such evidence sufficient to justify a conviction of the plaintiff in error in the absence of the alleged declarations of the wife to the officer, but it is sufficient in our judgment to destroy the claim of the plaintiff in error that a warrant for the search of said premises was issued unlawfully.

For the admission of the wife's declarations the judgment is reversed and the case remanded to the Court of Common Pleas for further proceedings according to law.

(Mauck and Thomas, JJ., concur.)